183 So. 689
**WINKLER AUTO SALES CO. v. WALTER.**
3 Div. 803.

Court of Appeals of Alabama.

Oct. 4, 1938.

Warren S. Reese, Jr., and Hill, Hill, Whiting & Rives, all of Montgomery, for appellant.

Thomas & Thomas, of Montgomery, and David C. Byrd, of Gadsden, for appellee.

BRICKEN, Presiding Judge.

This litigation arose out of a trade between the appellant and the appellee, wherein the appellant delivered a new Chrysler automobile to appellee under a conditional sales contract. The evidence on most of the material questions is in conflict, but taking the theory most favorable to appellee, the evidence tends to show: (1) Appellee owned a 1935 Chrysler which cost $1,053 new, on which there was an encumbrance of $342 which encumbrance the appellant assumed and afterwards paid. This car was about nine months old. (2) Appellee claimed his old car was worth $800, and that he was to be allowed that amount on the new car in the trade. (3) Appellee agreed to pay ·$1,357 for the new car. He was allowed $369.98 for the old car that was traded in as a part of the purchase price, and gave eighteen notes for $65 each to cover the balance of the purchase price, carrying charges, and insurance. These notes were negotiated to the American Discount Company. (4) Appellee claimed that at the time he executed the contract of conditional sale and notes evidencing the remainder of the purchase price, he was drunk and incapable of entering into a legal engagement, and that two or three days after the new car was delivered, he discovered he had not been allowed $800 on the purchase price of the new car, and he attempted to rescind the trade, and appellant refused to rescind it. (5) Subsequently a suit was instituted by the American Discount Company against the appellee on the unpaid notes. That suit was settled by the American Discount Company taking the new car at a valuation of $700 and a consent judgment against the appellee for $485. The appellant subsequently disposed of the old Chrysler in a trade upon a valuation of $700.

As we read the record, the maximum value placed on the car traded by the appellee was $800. The record unquestionably shows that he got a credit of $369.98 on the purchase price of the new car for the old one that was traded in, and that in addition some repairs amounting to about $36.19, which were paid by the appellant.

The appellee seems to be of the opinion that he is entitled to recover the amount of the judgment rendered for the Discount Company against him by consent for $485 which included a $75 attorney's fee, punitive and other damages.

In brief for appellant it is asserted that plaintiff was allowed about $700 for the old car that was traded in, but the conditional sales contract recites that the allowance on the car traded in was $369.98.

The appellee testified that according to the way he figured it, he was allowed a credit of $625 or $650.

We are of the opinion, and so hold, that the agreement between the Discount Company and the appellee which resulted in the Discount Company taking the new car and a consent judgment against the appellee for $485 is not a proper criterion for fixing damages in this case.

314

Accepting appellee's claim that his old car was reasonably worth $800, if we deduct the encumbrance of $342 and the allowance of $369.98 in the trade, the maximum amount he lost in the transaction was $88.02 which takes no account of the radio and other accessories that he removed from the car that was traded in, or the repairs that were paid for by the appellant.

Under any proper theory, the judgment in this case is excessive. The only question is whether it is so excessive as to indicate passion and prejudice on the part of the jury, or a misunderstanding of the rule relating to recoverable damages in this case.

We have carefully read the oral charge of the court in which the question of punitive damages was properly left to the jury, and in which the jury was instructed that in no case could the actual damages be more than the actual damages that have been proved.

We are inclined to the opinion that the verdict was not the result of prejudice or passion, but might be attributed to a misunderstanding of the applicable rules of law relating to the measure of damages in cases of this kind. Under the circumstances we are convinced that a judgment for $300 is the maximum that appellant should be required to pay.

Our understanding of the record makes it unnecessary to pass upon other questions raised in brief for the appellant. If it is conceded that error intervened, the opinion here prevails that the error was of a technical character that did not vitally affect the substantial rights of the parties.

In other words, the record is one to which the doctrine of error without injury should be applied. It is therefore ordered that if the appellee file a remittitur of all sums including penalty and interest in excess of $300 and costs in this court and the court below, within thirty days from the entry of this order, the judgment appealed from will be affirmed, otherwise it will be reversed and remanded for the court's failure to grant appellant's motion for a new trial on the ground that the verdict of the jury was excessive.

Affirmed conditionally.